UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                                                          :
                     Plaintiff,          :
                                                                          :
     -against-                                         :           Docket No. 11 CR 30 (KAM)
                                                                          :
JOHN DUNN, et al.,                                      :
                                                                          :
                    Defendants.     :
---------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# JOHN DUNN'S MOTION FOR A SEVERANCE AND SPEEDY TRIAL

ALAN S. FUTERFAS
565 Fifth Avenue, 7th floor
New York, New York 10017
212-684-8400 (tel)
212-684-5259 (fax)
asfuterfas@futerfaslaw.com

BETTINA SCHEIN
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel. (212) 679-6605
Fax (212) 684-5259
Scheinbet@aol.com

*Attorneys for John Dunn*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                     :
                                              :
                        Plaintiff,            :
                                              :
        -against-                             :    Docket No. 11 CR 30 (KAM)
                                              :
JOHN DUNN, et al.,                            :
                                              :
                        Defendants.           :
---------------------------------------------------------------X
```

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
JOHN DUNN'S MOTION FOR A SEVERANCE AND SPEEDY TRIAL**

**PRELIMINARY STATEMENT**

Mr. Dunn respectfully responds to the government's memorandum in opposition to his motion for a severance and speedy trial.  Rather than charge Mr. Dunn alone with a single gambling count that could be tried completely in two days, the government elected here -- for its own convenience and strategic reasons -- to include Mr. Dunn with 38 other defendants facing charges of racketeering and other serious crimes.  Now, having thrown Mr. Dunn into a monster of a case that will drag on for months if not years, and having not even begun to manage the case by proposing a swift schedule of triable groups that satisfies *Casamento*, the government should not be heard to argue that the relief requested is premature or inconvenient.   Rather, Mr. Dunn's rights to a prompt severance and speedy trial are unassailable, and the requested relief should be granted.

## **ARGUMENT**

### **THE COURT SHOULD GRANT A SEVERANCE AND SPEEDY TRIAL IN THE INTERESTS OF JUSTICE WHERE THE GOVERNMENT'S STRATEGIC JOINDER IS THE ROOT CAUSE OF THE PREJUDICE TO MR. DUNN**

The Court should reject as self-serving the government's threshold claim that Mr. Dunn's motion for severance is premature.[1] The government suggests that only time will tell what the composition of defendants at trial will be after "the defendants have had an opportunity to review the considerable discovery disclosed and an opportunity to consider any proposed plea offers . . ." (Gov't MOL at 6)   Thus, the government suggests that Mr. Dunn has no right to ask for a severance until months, if not years, have passed - deferring his right to the whims and decisions of some 38 other defendants.  Completely devalued by the government is Mr. Dunn's desire for a prompt trial, likely two days long, so he can prove his innocence of a discrete gambling charge and move on with his life.

There is, as well, an obvious flaw in the government's logic, since the government controls the yardstick.  When it throws together disparate groups of defendants who should never have been joined in the first place, it knows the case cannot proceed to trial in its present form under *Casamento*.   Yet, the government depends on the sheer size of the case to slow things down, ensuring the passage of weeks and months before any trial can proceed, with the hope that the number of defendants who remain will pass muster under *Casamento.*  Indeed, the government unabashedly admits that it has not yet considered dividing the defendants into manageable groups for trial and will not take this first step until the next court appearance three months from now.  (Gov't MOL at 7 n. 7: government will predict trial length and propose trial

---

[1] At the first appearance, before the Honorable Sandra Townes, Mr. Dunn requested his right to a speedy trial at the earliest opportunity.  (See transcript, February 4, 2011 at 11: "we are opposing designation[with respect to Mr. Dunn]  of a complex case . . . Mr. Dunn is charged in one count, Count 31, which is a gambling count and we are noting our opposition and will submit a letter to that effect.")

groups on August 4, 2011)  By then, this case will have been pending for more than eight months.  *Casamento* requires that in large multi-defendant cases, the prosecutor and the court consider whether justice would be served by "separate brief trials for one or more defendants . . .[on] charges that can be proven expeditiously." *Casamento*, 887 F.3d at 1151 (cited in Gov't MOL at 6)  The government's suggestion that it can whittle down the number of defendants through months of attrition – all dependent on the decisions of other defendants - before a severance motion becomes "timely" turns *Casamento* and defendant's right to a speedy trial completely upside down.

The advantage to the government of this joinder strategy is clear, but it comes entirely at the expense of defendants like John Dunn.  Mr. Dunn is left to stand at the back of a very long line, where the government expects him to wait months, if not years, while 38 other defendants review voluminous discovery and possibly negotiate dispositions in their case.  Thus, while the government may benefit from the "flexibility" of Rule 8's joinder standards, this by no means excuses the unfairness of joining minor defendants in discrete crimes with multiple defendants charged with extensive criminal activity.

> Rule 8(b) does not provide the government with limitless discretion to join defendants and does not absolve the government from an independent obligation to consider the unfairness that may result from joinder.

*United States v. Rittweger* 524 171, 180 (2d Cir. 2008).  The government's flexibility under Rule 8(b) must be tempered by the court's broad discretion to determine whether severance is appropriate under Rule 14.  *United States v. Chang An-Lo,* 851 F.2d 547, 556 (2d Cir. 1988) (severance is always  "committed to the sound discretion of the trial judge); *see Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933 (1993).

The Court should grant a severance here. We have participated in another multidefendant case in this courthouse in which the government was ordered to divide the 62 defendants into manageable groups for trial, and preference was given to those defendants who had requested a speedy trial. *See United States v. Agate, et al.,* 08 Cr. 76 (JBW)(E.D.N.Y.) Specifically, within three weeks of indictment, undersigned counsel asked the Honorable Judge Garaufis, on behalf of defendant Louis Filippelli, to instruct the government to split the defendants into six manageable cases consistent with *Casamento.* (Exhibit A) Two weeks later, after the case was reassigned, the Honorable Judge Weinstein ordered just that – directing the parties "to meet and confer and agree on how the case should be divided for trial." (Exhibit B at 1) Three defendants who had requested speedy trials were given a trial date one month hence. (Id.) The trial for the second group was scheduled for seven weeks after that.

In another case with circumstances similar to those presented here, the Honorable Nina Gershon exercised her discretion in granting a severance upon motion of undersigned counsel for Michael Agnello, who was charged in two discrete counts of arson of a vehicle, where the government had joined him in a forty-six count indictment against seven individuals and one corporation, including charges of RICO and RICO conspiracy. *See United States v. Carmine Agnello, et al.*, 00 Cr 205 (S2)(NG); *see also* Judge Glasser's decision in the 40 defendant prosecution of *United States v. Aparo*, 01 Cr 416 (ILG)(E.D.N.Y.). Thus, it is appropriate for this Court to hold the government accountable for its decision to include Mr. Dunn in this enormous multi-defendant case and to order that Mr. Dunn be tried alone and first.

There can be little dispute that a separate trial of Mr. Dunn would be very brief – two days most likely -- and entail little if any overlapping proof. Mr. Dunn is charged with violating

4

18 U.S.C. § 1955 with two other defendants.[2]  Significantly, Mr. Dunn does not know either of these defendants.  He never met them and is not a participant on any tape recordings with them.  In fact, Mr. Dunn is not a participant in <u>any</u> conversation with <u>any</u> other defendant in the entire case.  The few conversations in which he is recorded are with the CW alone.  He is charged with gambling based, we believe, upon the fact that he placed a second-hand and <u>legal</u> "Broadway" video machine in a store.   A trial of this defendant alone would take two days.  And Mr. Dunn expects to be vindicated at trial.  In light of all the facts favoring severance for this defendant, it is hard to see how justice is served by making Mr. Dunn wait for an enormous prosecution to rumble slowly and inexorably to the next stage.

---

[2] One of these co-defendants, Roger Califano is charged in the RICO count (Count One) as well as four other substantive counts.  (Counts 15, 37, 44 and 45)  Co-defendant Giovanni Galluzzo is not charged in the RICO count but is charged in another gambling offense (Count 37) and two counts of collecting extortionate loans in violation of 18 U.S.C. §§ 894)(Counts 47 and 48).

## **CONCLUSION**

For the foregoing reasons, a severance is warranted, and Mr. Dunn should be tried alone and first.

Respectfully submitted,

ALAN S. FUTERFAS
565 Fifth Avenue, 7th floor
New York, N.Y. 10017
212-684-8400 (tel)
212-684-5259 (fax)
asfuterfas@futerfaslaw.com

BETTINA SCHEIN
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel. (212) 679-6605
Fax (212) 684-5259
Scheinbet@aol.com

*Attorneys for John Dunn*

# Exhibit A

# ALAN S. FUTERFAS

ATTORNEY AT LAW

260 MADISON AVENUE, 22ND FLOOR

NEW YORK, NEW YORK 10016-2400

(212) 684-8400

ELLEN B. RESNICK

FACSIMILE: (212) 684-5259

(212) 679-1844

asfuterfas@futerfaslaw.com

February 26, 2008

*Via Federal Express and ECF*
Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: United States v. Louis Filippelli, 08 CR 76 (EDNY)(NGG)*

Dear Judge Garaufis:

As per our Notice of Appearance filed Friday, February 22, 2008, this office represents Louis Filippelli in the above - captioned matter. Given the 62 defendants in the current indictment, this letter is written anticipating that our first appearance before Your Honor, scheduled for Wednesday, February 27th may prove a bit unwieldy. We set forth certain matters of immediate concern to Mr. Filippelli.

First, we respectfully request (and anticipate) that Your Honor will properly direct the government and defense counsel to come up with a plan to split up this 62 defendant case into at least six manageable cases consistent with a Second Circuit's decision in *United States v. Casamento* 887 F.2d 1141 (2d Cir. 1989), *cert. denied*, 493 U.S. 1081 (1990). Not too long ago this approach was utilized by the Honorable I. Leo Glasser in a 40 defendant case with similar charges, *United States v. Aparo et al.* 01 CR 416 (ILG).

Segregating the cases to be compliant with *Casemento* is particularly important to Mr. Filippelli and the other non-RICO defendants. Of the 62 defendants charged, 23 are named in the RICO charges and 39 are charged only in the substantive counts. With respect to Mr. Filippelli, he is only named in 2 counts, Counts 10 and 11 (a substantive and conspiracy count) both of which arise from the same, very limited, nucleus of facts. Accordingly, we respectfully request that the Court, as a preliminary matter, direct all counsel to work on a plan for separate trials consistent with *Casamento*. Such a plan will also make status conferences, and the Court's ability to monitor these cases, far more manageable.

## ALAN S. FUTERFAS

Honorable Nicholas G. Garaufis
February 26, 2008
Page 2

Secondly, Mr. Filippelli is essentially named in a single charge of extortion. We believe it is a very simple, straight forward allegation with minimal evidence. Accordingly, at this time, Mr. Filippelli does not waive his right to a speedy trial, pursuant to 18 USC §3161.

Third, this letter respectfully requests that Your Honor support our endeavor to have Mr. Filippelli returned forthwith to the federal prison facility at Fort Dix, New Jersey, where he is currently serving the balance of a sentence. Mr. Filippelli was indicted in a Southern District matter on or about March 9, 2005. He pled guilty and was sentenced on July 19, 2006. Until February 11, 2008, he was serving his sentence at Fort Dix. On February 12, 2008, Mr. Filippelli was released from Fort Dix to a halfway house facility in the Bronx. Two days later, on Thursday, February 14, 2008, he was transferred from the halfway house and arraigned in the EDNY. He was then taken to the MCC and is currently in a Special Housing Unit (SHU).

There is no reason for the SHU designation and we have spoken with the government about returning Mr. Filippelli to Fort Dix as soon as possible to serve out the remainder of his sentence - approximately five and a half months. I understand from the government that they have spoken with the BOP and it is expected that Mr. Filippelli will be promptly returned to Fort Dix. We simply request that Your Honor support this transfer.

Finally, we have become aware that the government has imposed a Separation Order amongst many, if not all, of the defendants. There is no basis for any such Order and, to the contrary, it is essential to Mr. Filippelli and his co-defendants be able to confer about the charges. We therefore request that Your Honor direct the government to remove the Separation Order from Mr. Filippelli and his co-defendants.

Thank you for your consideration of these matters.

Respectfully yours,

Alan S. Futerfas

cc: Mitra Hormozi, Esq.
Joey Lipton, Esq.
Roger Burlingame, Esq.
Daniel Brownell, Esq.
Evan Norris, Esq.
Amy Cohn, Esq. (all via ECF and telefax)

All Defense Counsel (via ECF)

# Exhibit B

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 14 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

JOSEPH AGATE, et. al.,

    Defendant.
------------------------------------------------------------x

ORDER

08-CR-76

JACK B. WEINSTEIN, Senior United States District Judge:

    All motions filed on or before March 14, 2008 shall be heard on April 14, 2008 at 10:00 a.m. Briefs for these motions shall be due on March 24, 2008, responses by March 31, 2008, and replies by April 4, 2008.

    The magistrate judge is respectfully requested to set a briefing schedule on all motions filed after March 14, 2008 on an expedited basis.

    The government is directed to furnish to defense counsel all available discovery forthwith, and furnish additional discovery on a rolling basis as it becomes available.

    Attorneys appointed pursuant to the Criminal Justice Act shall share one copy of the transcript. Transcripts shall be prepared on a daily basis and paid for by the CJA fund.

    Parties are directed to meet and confer and agree on how the case should be divided for trial. It is the court's view that trials should be conducted with groups no larger than seven defendants unless unusual circumstances arise.

    The first group of cases shall be tried on June 9, 2008. Other groups will be tried on a trailing calendar.

    The case is designated as a complex case for speedy trial purposes.

    Some defendants seek an immediate trial. They will be tried on April 14, 2008 at 10:00 a.m. Since April 14, 2008 is a few weeks from now, parties are directed to confer on dates for

motions in limine. Those seeking an early trial shall proceed with motions by order to show cause.

Since the defendants are incarcerated and are awaiting trial, delays will not be permitted.

SO ORDERED.

*[signature]*

Jack B. Weinstein
Senior United States District Judge

Dated: March 14, 2008
       Brooklyn, New York