

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:EAG/AL/GMP        *271 Cadman Plaza East*
F.#2010R00153         *Brooklyn, New York  11201*

August 8, 2012

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Andrew Russo, et al.
            Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in response to the letter dated July 17, 2012, which was submitted by a member of the media for disclosure of various plea agreements in the above-captioned matter. (ECF Docket Entry No. 874). For the reasons set forth below, absent any objection from individual defendants, the government does not object to the disclosure of the requested plea agreements to members of the media.

      Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008). In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the pleas were taken on the record in open court, and neither the plea colloquys nor

the requested plea agreements themselves have been ordered sealed by the Court. Accordingly, absent any objection from individual defendants, the government has no objection to the disclosure of the agreements to members of the media.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Elizabeth A. Geddes
Allon Lifshitz
Gina M. Parlovecchio
Assistant U.S. Attorneys
(718)254-6430/6164/6228

cc: Clerk of the Court (KAM) (by ECF)
    Defense Counsel (by ECF)